1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **EASTERN DISTRICT OF CALIFORNIA**

10

11   STANLEY E. REDICK, III,                     )   Case No.: 1:21-cv-0979-SAB
                                                  )
12                     Plaintiff,                 )
                                                  )   ORDER GRANTING DEFENDANT'S
13            v.                                  )   MOTION TO DISMISS, WITH LEAVE TO
                                                  )   AMEND ONLY AS TO MALICIOUS
14   LOWE'S HOME CENTERS, LLC,                    )   PROSECUTION CLAIM
                                                  )
15                     Defendant.                 )   (ECF No. 8)
                                                  )
16                                                )
                                                  )
17   _____    )

18           Plaintiff Stanley E. Redick, III, proceeding *pro se*, filed this action on June 21, 2021, against

19   Defendant Lowe's Home Centers, LLC.  (ECF No. 1.)

20                                          **I.**

21                          **PROCEDURAL BACKGROUND**

22           On June 25, 2021, this action was found to be related and reassigned to the undersigned as

23   presiding magistrate judge. (ECF No. 7.) On June 28, 2021, Defendant filed a motion to dismiss. (ECF

24   No. 8.) On June 7, 2021, Plaintiff filed an opposition. (ECF No. 12.)  Defendant filed a reply on July

25   20, 2021.  (ECF No. 15.)

26           Pursuant to the parties' consent, on July 12, 2021, this case was assigned to the undersigned for

27   all purposes, including trial and entry of final judgment. (ECF No. 13.)

28   ///

## II.

## DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

### B.  Allegations of First Amended Complaint

Lowe's employees and management falsely stated that Plaintiff committed a crime on November 3, 2018 and November 10, 2018.

On November 10, 2018, Plaintiff was falsely accused of committing a crime by Sonora Lowe's employees on November 3, 2018.  On November 10, 2018, Lowe's employees made false statements about Plaintiff to the Sonora Police Department.  Plaintiff was subsequently arrested and spent five days in jail.  Criminal charges were filed against Plaintiff.

///

///

C.      Scope of Plaintiff's Causes of Action

Plaintiff's first amended complaint pleads the following five causes of action against Lowe's: (1) mistaken identity; (2) malicious false accusations; (3) reckless disregard for the truth; (4) malicious prosecution; and (5) false imprisonment.

Plaintiff's mistaken identity, malicious false accusations, and reckless disregard for the truth, are not cognizable tort claims.  Plaintiff's "mistaken identity" claim is premised on the allegation that *Lowe's employees* accused him of involvement in a crime, and his denial of any involvement.  This claim is redundant of his malicious prosecution claim and/or his malicious false accusation and reckless disregard for the truth claim.   Further, liberally construed, the complaint, at most, states a claim for negligence based on a "mistake."

With regard to Plaintiff's "malicious false accusations" and "reckless disregard for the truth," these claims are essentially for defamation.  Both claims allege that Defendant Lowe's employees made false and slanderous statements about him to police and committed "libel" against him.  Indeed, the only distinction between the two claims is the fact that one pleads intentionally false statements to police and the other pleads statements which were made with reckless disregard for the truth.  Under California law, a defamation claim requires that Plaintiff demonstrate: (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a tendency to injure or causes special damage. <u>See Briganti v. Chow</u>, 42 Cal.App.5th 504, 509 (2019); <u>see also</u> <u>Makaeff v. Trump Univ</u>., *LLC*, 715 F.3d 254, 264 (9th Cir. 2013) ("Under California law, defamation is the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage.") (omitting internal quotation marks).

Accordingly, the Court agrees with Defendant that a fair reading of Plaintiff's complaint pleads causes of action for negligence, defamation, malicious prosecution, and false imprisonment, based on alleged statements by Lowe's employees to the Sonora Police Department on November 10, 2018, accusing him of participation in a crime on November 3, 2018.

Defendant argues that the defamation and false imprisonment claims are barred by the applicable statute of limitation, all claims except malicious prosecution are barred because they arise from communications with law enforcement which are absolutely privileged under California Civil

3

Code section 47, subdivision (b), all claims as pled fail to give rise to a cognizable claim, and the malicious prosecution claim fails as a matter of law.

**D.      Judicial Notice**

Defendant requests the Court take judicial notice of the following: (1)Plaintiff's first amended complaint, filed on May 7, 2021, in the Tuolumne County Superior Court; (2) Plaintiff's original complaint filed in Tuolumne County Superior Court on January 5, 2021, and the documents attached to the complaint; (3) Plaintiff's request for entry of default and default judgment, and documents attached thereto; and (4) Plaintiff's second amended complaint and documents attached thereto, and affidavit in support thereof, filed on June 7, 2021, in this Court Case No. 1:21-cv-00358-NONE-SAB (formerly 1:21-cv-00358-DAD-HBK).  (ECF No. 8-3.)

As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  There are two exceptions to this rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Under the Federal Rules, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689.  Courts may also take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein.  Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).

The Court grants Defendant's request for judicial notice of all the documents referenced above., with the exception of the police reports (as explained below).  (ECF Nos. 8-3, 8-4, Appx. Exs. A-D.)

In a "Grievance Letter," attached to Plaintiff's original complaint, Plaintiff states he was arrested "because [he] had been accused of stealing tools form Lowes [sic] Sonora on 11/3/2018."  (Appx. Ex. B, at 8.)  Plaintiff also indicates that a felony warrant was issued on December 13, 2018,

and he turned himself in to the Tuolumne County Jail on December 19, 2018.  (Id.)  Plaintiff was in jail for 72 hours.  (Id.)  The criminal case against Plaintiff was dismissed on November 2, 2020.  (Id. at 9.)

In another document attached to the original complaint entitled "Rebuttal to Sonora Police Department Narrative" Plaintiff acknowledges that he was identified as a suspect in the theft and stopped in the Lowe's parking lot on November 3, 2018, by officer Mallon of the Sonora Police Department.  (Appx Ex. B, at 6.)  Plaintiff provided his identification and questions Plaintiff about the incident.  (Id.)

In another document drafter by Plaintiff and attached to a default judgment request entitled "Elements Combined," Plaintiff contends that on November 10, 2018, he was falsely accused by Lowe's employees of committing a crime on November 3, 2018.[1]  (Appx. Ex. C, at 3.)  The accusations were communicated to law enforcement on November 10, 2018, which resulted in his arrest and initiation of criminal proceedings against Plaintiff.  (Id.)

Based on the above facts which are subject to judicial notice, Plaintiff alleges that on November 10, 2018, Lowe's employees communicated to law enforcement that Plaintiff was a participant in a crime which took place on November 3, 2018.  A warrant was issued for his arrest and he turned himself in on December 19, 2018.  Plaintiff spent three to five days in jail, and criminal proceedings were brought against him which were ultimately dismissed on or about November 2, 2020.

**E.       Statute of Limitations**

Defendant argues that Plaintiff's defamation and false imprisonment claims are barred by California Code of Civil Procedure section 340.  The Court agrees.

A party may raise a statute of limitations argument in a motion to dismiss if it is apparent from the face of the complaint that the complaint was not timely filed and that the plaintiff will be unable to

---

[1] This document was initially submitted by Plaintiff to the Court in conjunction with his Request for Entry of Default and Default Judgment against "Lowes Corporation."  The default was set aside as "Lowes Corporation" is a non-existent entity and service was quashed by the Tuolumne County Superior court on May 5, 2021.  (ECF No. 1, Ex. H.)

1    prove facts that will establish the timeliness of the claim. Von Saher v. Norton Simon Museum, 592

2    F.3d 954, 969 (9th Cir. 2010).

3         Because this is a diversity case, forum state law determines which state's statute of limitations

4    governs. Guaranty Trust Co. v. York, 326 U.S. 99 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313

5    U.S. 487 (1941)." Flowers v. Carville, 310 F.3d 1118, 1123 (9th Cir. 2002).  Actions for libel,

6    slander, and false imprisonment are subject to the one year statute of limitations.  Calif. Code Civ.

7    Proc. § 340(c).  This one year limitations period also applies to claims for defamation.  See Shivley v.

8    Clarke, 31 Cal. 4th 1230, 1246 (2003) (holding that the applicable statute of limitations for a

9    defamation action is one year under § 340(c)).

10        Even assuming Lowe's can be liable, Plaintiff's false imprisonment claim is barred by the one

11   year limitations period.  In California, "the tort [of false imprisonment] consists of the nonconsensual,

12   intentional confinement of a person, without lawful privilege, for an appreciable length of time,

13   however short. That length of time can be as brief as 15 minutes. Restraint may be effectuated by

14   means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of

15   any other form of unreasonable duress." Fermino v. Fedco, Inc., 7 Cal.4th 701, 715 (1994) (internal

16   citations and quotation marks omitted).   A false imprisonment claim accrues when confinement ends.

17   Scannell v. County of Riverside, 199 Cal. Rptr. 644, 654 (1984); see also Collins v. Los Angeles, 241

18   Cal.App.2d 451, 457 (1966) (accrual for false imprisonment occurs when the plaintiff is released from

19   his alleged illegal restraint.

20        Plaintiff's allegations demonstrate that he turned himself in at the Tuolumne County Jail on

21   December 19, 2018.  He was detained in the jail for three to five days.  Therefore, Plaintiff's false

22   imprisonment claim accrued no later than December 24, 2018 (the latest date of his release), and he

23   had until December 24, 2019, to bring his claim.[2]

24

25   ―――――――――――――――

     [2] While section 352.1 of the California Code of Civil Procedure allows for tolling of the statute of limitations for a period of
26   imprisonment, not to exceed two years unless serving a life sentence without possibility of parole, such tolling is not
     applicable here because Plaintiff was not incarcerated at the time his cause of action accrued.  Cal. Civ. Proc. Code § 352.1
27   (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016)
     (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded
     from the tolling provision.")  However, section 352.1 does not apply to an individual who is in pretrial custody in a county
28   jail at the time his claims accrued because he is not "imprisoned on a criminal charge" within the meaning of section 352.1.

In asserting a defamation claim, Plaintiff contends that false statements were "published" to the Sonora Police Department on November 10, 2018.  Therefore, the one-year statute of limitations ran on November 10, 2019, and Plaintiff did not file the original action until January 5, 2021, which is clearly untimely.

In opposing Defendant's motion to dismiss, Plaintiff does not address the argument that these claims are barred by the statute of limitations.  Indeed, Plaintiff does not contest any of the dates presented in Defendant's motion.  See, e.g., Mountjoy v. Bank of Am. N.A., No. 2:15-cv-02204-TLN-DB, 2018 WL 339060, at *4 (E.D. Cal. Jan. 8, 2018) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (citation omitted); Scott v. City of Phoenix, No. CV-09-0875-PHX-JAT, 2011 WL 3159166, at *10 (D. Ariz. July 26, 2011) (failure to respond in an opposition brief to a statute of limitations argument raised in the moving papers constituted a waiver of that issue) (citations omitted). In addition, Plaintiff has provided no reason to toll the statute of limitations, and there are no facts on the face of the Complaint that suggest to the Court that the limitations period should be tolled.[3] Accordingly, Defendant's motion to dismiss Plaintiff's false imprisonment and defamations claim as barred by the one-year statute of limitations shall be granted.

## F.   Absolute Privilege

Defendant argues that all of Plaintiff's claims except the malicious prosecution claim fails as a matter of law because the statements on which they are based were absolutely privileged.

An individual cannot be held liable for the statements accusing another individual of theft to law enforcement officials because such statements were privileged under California Civil Code §

---

Austin v. Medicis, 21 Cal.App.5th 577, 597 (Cal. Ct. App. 2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018); see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued"); Shaw v. Sacramento County Sheriff's Department, 343 F.Supp.3d 919, 924 (E.D. Cal. 2018) (discussing holding in Austin and finding the plaintiff was not serving a prison sentence upon his arrest and subsequent time in county jail); McCain v. Brosowke, No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

[3] The Court acknowledges that the California Judicial Council implemented emergency measures in response to the COVID-19 pandemic which tolled tort statutes of limitations for 178 days, from April 6, 2020, to October 1, 2020.  See Cal. R. app. I, Emergency Rule 9 (adopted April 6, 2020, amended effective May 29, 2020).  However, the limitations period on Plaintiff's false imprisonment and defamation claims had already run as of April 6, 2020.

47(b). "Section 47 establishes a privilege that bars liability in tort for the making of certain statements." Hagberg v. California Fed. Bank, 32 Cal. 4th 350, 360–61 (2004). The privilege generally applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." Wang v. Heck, 203 Cal. App. 4th 677, 683 (2012). The privilege is not limited to statements made during a trial or other proceeding but may extend "to statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit." Hagberg, 32 Cal. 4th at 361 ("[I]t is late in the day to contend that communications with 'some relation' to an *anticipated* lawsuit are not within the privilege."). The privilege's purpose "is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." Wang, 203 Cal. App. 4th at 683 (citations omitted).

Notably, "when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication also enjoys an unqualified privilege under section 47(b)." Hagberg, 32 Cal. 4th at 364. This is an "'absolute' privilege, and it bars all tort causes of action except a claim for malicious prosecution." Id. at 360; see also Silberg v. Anderson, 50 Cal.3d 205, 215-16 (1990) ("The only exception to the application of [this section] to tort suits has been for malicious prosecution actions.")

In addition to defamation claims, the absolute privilege section 47(b) has been held to bar claims for false imprisonment and assault (Hunsucker v. Sunnyvale Hilton Inn, 23 Cal.App.4th 1498 (1994)), abuse of process (Drasin v. Jacoby & Myers, 150 CalApp.3d 481 (1984), negligent and intentional infliction of emotional distress (Ribas v. Clark, 38 Cal.3d 355 (1985), Williams v. Taylor, 129 Cal.App.3d 745 (1982), and negligence (Pettitt v. Levy, 28 Cal.App.3d 484 (1972)).

Any statements made by Lowe's employees to law enforcement officers accusing Plaintiff of theft were privileged because they were made to "law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond." Hagberg, 32 Cal. 4th at 364. The Court notes that section 47 was amended to exclude communication as privileged "between a person and a law enforcement agency in which the person makes a false report that another person has

8

committed, or in the act of committing, a criminal act or is engaged in an activity requiring law enforcement intervention, knowing that the report is false, or with reckless disregard or falsity of the report." 202 Cal. Legis. Serv. Ch. 327 (A.B. 1775); Tuomela v. Waldorf-Astoria Grand Wailea Hotel, No. 20-cv-00177 JSM-RT, 2021 WL 233695, at *2, fn. 5 (D. Haw. Jan. 22, 2021).  This amendment was approved by the Governor of California on September 30, 2020, and took effect on January 1, 2021.  2020 Cal ALS 327, 2020 Cal AB 1775, 2020 Cal. Stats. Ch. 327.   It is without question that the communication in this case took place in November 2018, more than two years prior to the date the amendment took effect.  "Statute ordinarily are interpreted as operating prospectively in the absence of a clear indication of a contrary legislative intent."  Quarry v. Doe I, 53 Cal.4th 945, 955 (2012).  The United States District Court for the Central District of California recently held that the amendment does not apply retroactively.  See Gonzales v. City of L.A., No. 2:20-CV-03519-JGB (MAA), 2021 U.S.Dist.LEXIS 102083, at *18 (C.D. Cal. Mar. 10, 2021).  There, in considering a motion a dismiss pursuant to Rule 12(b)(6) for multiple tort causes of actions based on false statements made to police, the Court acknowledged the amendment to Section 47, subdivision (b), but found the amendment did not apply retroactively absent clear legislative intent.  Id. at *16-18.  Nothing in the amended statutory language evidences an intent that the amendment apply retroactively, and therefore as in Gonzalez, all of Plaintiff's tort claims, except malicious prosecution, fail as a matter of law because the statements of which they are based were absolutely privileged.  Id.; But see, Moore v. Rodriguez, No. 20-cv-01481-BAS-BGS, 2021 WL 2222590, at * 11 (S.D. Cal. June 2, 2021) (applying amendment retroactively without determination of legislative intent).  Accordingly, Defendant's motion to dismiss based on absolute immunity is granted.

## G.    Malicious Prosecution Claim

Defendant argues that Plaintiff's malicious prosecution claim fails because the Court can consider the declaration of Sarah Budrow as well as various other pleadings, including a copy of the

9

police report which demonstrates that Plaintiff cannot establish the requisite favorable termination, motive and lack of probable cause on the part of Lowe's or its employees.[4]

Federal Rule of Civil Procedure 12 provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

The Court declines to consider the declaration by Sarah Budrow (former Loss Prevention Manager at Sonora Lowe's), which recounts numerous matters outside the scope of Plaintiff's first amended complaint.  "Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss ... if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." See Gerritsen v. Warner Bros. Entm't, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015).  Accordingly, the Court would be required to convert Defendant's motion into a motion for summary judgment in order to consider the Budrow declaration. The Court declines to do so, however, because at this stage the parties have not had "a reasonable opportunity to present all the material that is pertinent to [a summary judgment] motion." See Fed. R. Civ. P. 12(d).  Thus, in deciding Defendant's motion the Court will disregard the Budrow declaration and consider only the allegations in Plaintiff's first amended complaint, the parties' briefs, and documents subject to judicial notice as listed above.

The Court also declines to take judicial notice of the police report issued by the Sonora Police Department under the same rationale as described in the preceding paragraph.  When parties dispute the facts contained in a police report, courts within the Ninth Circuit will generally decline to take judicial notice. See Zuccaro v. Martinez Unified Sch. Dist., No. 16-CV-02709-EDL, 2016 WL 10807692, at *5 (N.D. Cal. Sept. 27, 2016).  Although some records of a state agency are the proper subject of judicial notice, a district court "may not take judicial notice of documents filed with an

---

[4] Defendant raises several objections to Plaintiff's evidence submitted in support of his opposition.  (ECF No. 15-1.) However, because the motion can be resolved without ruling on the objections, the Court declines to address the objections.

administrative agency to prove the truth of the contents of the documents." Benavides v. City of Arvin, No. 12–cv–0405, 2012 WL 1910259, at *3 (E.D. Cal. May 25, 2012) (citation omitted). Because the contents of the police report is in in dispute, judicial notice of it is inappropriate.  Id. at *3 (declining to take judicial notice of contents of police report because "the allegedly indisputable facts contained in the police report ... are subject to hearsay objections, and do not rise to the 'high degree of indisputability' required for judicial notice for their truth."); United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) (explaining that not all records obtained from an administrative body fit within the judicial notice exception and "that the existence and content of a police report are not properly the subject of judicial notice") (citation omitted).  Because the contents of the police report are disputed, the Court declines to take judicial notice.

Now, turning the merits of the malicious prosecution claim, in California, Plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. Villa v. Cole, 4 Cal. App. 4th 1327, 1335 (Cal. Ct. App. March 18, 1992); see also Sagonowsky v. More, 64 Cal. App. 4th 122, 128 (Cal. Ct. App. May 22, 1998).  If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail. StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal. App. 4th 1392, 1398 (Cal. Ct. App. Feb. 24, 2006).

1.     Favorable Termination

With respect to the element of favorable termination, this element "requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." Pattiz v. Minye, 61 Cal. App. 4th 822, 826 (Cal. Ct. App. Feb. 19, 1998).  A termination "must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against him." Sagonowsky v. More, 64 Cal. App. 4th at 128.  Particularly, "[i]f the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to show a cause of action for malicious prosecution." Pattiz v. Minve, 61 Cal. App. 4th at 826; see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) ("[A]

11

dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.").

The Ninth Circuit has held dismissal qualifies as a favorable termination only "if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir.2004). The court continued, "When such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." Id. Thus, at this stage, Plaintiff need only allege facts showing that there is a possibility that the charges were dismissed because of doubts about the legitimacy or the Plaintiff's guilt for the claim to survive a motion to dismiss.

Here, Plaintiff did not specifically allege favorable termination in the first amended complaint; however, Defendant has requested and the Court has taken judicial notice of the minute order issued by the state court in the underlying criminal action.  On the basis of Plaintiff's complaint, as well as the minute order issued in the state court of which this Court takes judicial notice, it cannot be said with certainty that dismissal was on the merits and reflective of innocence, as opposed to on technical or procedural ground that are not inconsistent with guilt.  See Jaffe v. Stone, 18 Cal.2d 146, 150 (1941) ("[i]t is not enough, however, merely to show that the proceeding was dismissed."  If a dismissal "is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with [her] guilt, it does not constitute a favorable termination."); Susaq v. City of Lake Forest, 94 Cal.App.4th 1401, 1411 (2002) ("[w]hen the proceeding terminates other than on the merits, the court must examine the reasons for termination to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed."); Sycamore Ridge Apartments LLC v. Naumann, 157 Cal.App.4th 1385, 1399 (2007) ("[s]hould a conflict arise as to the circumstances of the termination, the determination of the reasons underlying the dismissal is a question of fact. [Citation.]' [Citation.]").  Plaintiff has failed to allege or

demonstrate that the criminal action was terminated in his favor.  Accordingly, because Plaintiff has failed to meet his burden of proof on the first element of his malicious prosecution claim, Defendant's motion to dismiss should be granted, with leave for Plaintiff to file an amended complaint to cure the deficiency, if he can do so in good faith.[5]

      2.     Probable Cause and Malice

Assuming, without deciding, that Plaintiff can meet the favorable termination element, Defendant argues that Plaintiff has failed to allege sufficient facts to support that the Lowe's employees lacked probable cause and acted with malice in identifying him to police.

"The 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action, and past cases establish that the defendant's motivation is a question of fact to be determined by the jury." Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 874 (1989) (citations omitted).  "By contrast, the existence or absence of probable cause has traditionally been viewed as a question of law to be determined by the court, rather than a question of fact for the jury.  As this court stated emphatically in the leading case of Ball v. Rawles (1892) 93 Cal. 222, 227, 28 P. 937; 'Malice is always a question of fact for the jury, but whether the defendant had or had not probable cause for instituting the prosecution is always a matter of law to be determined by the court. If the facts upon which the defendant acted are undisputed, the court, according as it shall be of the opinion that they constituted probable cause or not, either will order a nonsuit (or direct a verdict for the defendant), or it will submit the other issues to the jury; but whether admitted or disputed, the question is still one of law to be determined by the court from the facts established in the case.'" Sheldon Appel Co., 47 Cal.3d at 875 (citations omitted).

Here, although Lowe's itself did not initiate any criminal proceedings, Plaintiff alleges that that Lowe's employees "stated deliberate lies" to police as to Plaintiff's involvement as a participant in the theft that took place on November 3, 2018, which is sufficient, at the pleading stage, to

---

[5] See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.); see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

demonstrate malice and the lack of probable cause to support a claim for a malicious prosecution claim.  See Rupp v. Summerfield, 161 Cal.App.2d 657, 663 (1958) (knowingly giving false information to the police constitutes advising or assisting another to begin the proceeding for purposes of a malicious prosecution claim); see also Sullivan v. Cty. of Los Angeles, 12 Cal.3d 710, 720 (1974) (cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime.) (citations omitted).  Assuming the validity of Plaintiff's allegations, as this Court must at the pleading stage, it is not objectively reasonable for a Lowe's employee to deliberately lie to police as to Plaintiff's alleged involvement in the theft on November 3, 2018. See Sheldon Appel Co., 47 Cal.3d at 878 ("[T]he probable cause element calls on the trial court to make an objective determination of the 'reasonableness' of the defendant's conduct, i.e., to determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable.").  The extent of the Lowe's employees knowledge is disputed and cannot be resolved by way of motion for summary judgment.  See Sheldon Appel Co., 47 Cal.3d at 881. ("When there is a dispute as to the state of the defendant's knowledge and the existence of probable cause turns on resolution of that dispute, ... the jury must resolve the threshold question of the defendant's factual knowledge or belief.... As Chief Justice Taft's explanation of the probable cause element indicates, ... the jury's factual inquiry into the defendant's belief or knowledge is not properly an inquiry into 'whether [the defendant] thought the facts to constitute probable cause' [citation]; when the state of the defendant's factual knowledge is resolved or undisputed, it is the court which decides whether such facts constitute probable cause or not.").  Accordingly, Defendant's motion to dismiss for lack of probable cause and malice shall be denied.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendant's motion to dismiss is granted, without leave to amend as to all claims,
        except the malicious prosecution claim;

2.      Plaintiff is granted thirty (30) days from the date of service of this order to file a second amended complaint in this action <u>ONLY</u> as to the malicious prosecution claim.  Plaintiff is advised that any amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal,</u> 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220; and

3.      Failure to file an amended complaint will result in dismissal of the entire action.

IT IS SO ORDERED.

Dated:    **July 29, 2021**

UNITED STATES MAGISTRATE JUDGE

15