# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. REDICK, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOWES HOME CENTERS, LLC,<br><br>　　　　Defendant. | Case No.  1:21-cv-00979-SAB<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF Nos. 18, 20) |

　　　　Plaintiff Stanley E. Redick, III, is proceeding *pro se* in this action that was removed to this court from the Tuolumne County Superior Court on June 21, 2021.  (ECF No. 1.)  On July 29, 2021, the Court issued an order granting the Defendant's motion to dismiss without leave to amend except as to Plaintiff's malicious prosecution claim, and granting Plaintiff leave to file a second amended complaint only as to the malicious prosecution claim, within thirty (30) days.  (ECF No. 18.)  Plaintiff did not file an amended complaint or otherwise communicate with the Court and the time to do so expired.[1]  On September 17, 2021, the Court issued an order to show cause why this action should not be dismissed for failure to comply with the Court's order, and for failure to prosecute this action.  (ECF No. 20.)  Due to a clerical error, the order was not served via mail until September 29, 2021.  The Court's order to show cause required Plaintiff to

---

[1] During this period, Plaintiff did file a notice of intent to proceed on Plaintiff's claim against Defendant Lowe's Home Centers, LLC for a Bane Act violation in the related action, Redick v. Lowes Home Centers, LLC, Case No. 21-cv-00358-NONE-SAB, ECF No. 23.

respond within fourteen (14) days of service of the order. (ECF No. 20.) The order also advised Plaintiff that the failure to comply with the order would result in dismissal of this action for failure to state a claim, failure to prosecute, and failure to comply with an order of the Court. The time to respond to the order to show cause has now expired.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In

1  re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir.
2  2006) (standards governing dismissal for failure to comply with court orders).  These factors
3  guide a court in deciding what to do and are not conditions that must be met in order for a court
4  to take action.  Id. (citation omitted).  Having considered these factors, the Court finds dismissal
5  appropriate.

6      In this instance the public's interest in expeditious resolution of the litigation and the
7  Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file
8  an amended complaint within thirty days of service of the Court's July 29, 2021 order granting
9  Defendant's motion to dismiss.  (ECF No. 18.)  Plaintiff has been provided with the legal
10 standards that would apply to his claims and the opportunity to file an amended complaint.
11 Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.
12 On September 17, 2021, the Court additionally issued an order requiring Plaintiff to show cause
13 why this action should not be dismissed for the failure to file an amended complaint.  E(CF No.
14 20.)  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move
15 this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate
16 this action.

17     Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
18 rebuttable presumption of prejudice to the Defendant in this action.  In re Eisen, 31 F.3d 1447,
19 1452-53 (9th Cir. 1994).  The risk of prejudice to the Defendant weighs in favor of dismissal.

20     The public policy in favor of deciding cases on their merits is outweighed by the factors
21 in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can
22 proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and
23 the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the
24 fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

25     Finally, a court's warning to a party that their failure to obey the court's order will result
26 in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
27 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's July 29, 2021 order granting
28 Defendant's motion to dismiss and granting Plaintiff leave to file an amended complaint

expressly stated that the "[f]ailure to file an amended complaint will result in dismissal of the entire action." (ECF No. 18 at 15.) Further, the Court afforded Plaintiff additional notice and time to comply by issuing an order to show cause on September 17, 2021. (ECF No. 20.) The September 17, 2021 order expressly stated that "Plaintiff's failure to comply with this order will result in dismissal of this action for failure to state a claim, failure to prosecute, and failure to comply with an order of the Court." (Id. at 2.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's orders, his failure to state a claim, and failure to prosecute.

The Court is left with no alternative but to dismiss this action as the case can proceed no further without Plaintiff's cooperation and compliance with the Court's orders. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance. The Court finds alternative sanctions are not prudent because the Court has already issued an order to show cause to provide additional time and notice to the Plaintiff, and Plaintiff has failed to make any filing in this action since July 7, 2021.

Accordingly, IT IS HEREBY ORDERED that:

1. This action be DISMISSED for Plaintiff's failure to comply with the Court's July 29, 2021 and September 17, 2021 orders (ECF Nos. 18, 20), failure to prosecute, and failure to state a claim; and

2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: __October 25, 2021__

UNITED STATES MAGISTRATE JUDGE